UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE DEL CASTELLO,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>    Defendant.<br>_____/ | No. C 09-0013   JL<br><br>**ORDER RE CONSENT<br>TO JURISDICTION** |

    On January 5, 2009, Plaintiff filed her complaint in this case, along with her application to file without payment of the filing fee, in forma pauperis, or "IFP." On January 8, she filed her consent to the jurisdiction of this Court pursuant to 28 U.S.C. §636(c) and Civil Local Rule 73. On January 13, this Court issued its order denying her IFP application and on January 15th she filed her declination to proceed and request for reassignment to a district court judge.

    Withdrawal of consent to the jurisdiction of the magistrate judge in civil cases is not permitted except in extraordinary circumstances, *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984). The court in that case held that once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court,

and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(6) (emphasis added). *Id.*

The statute also does not contemplate a conditional consent. *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020 (5th Cir. 1987) (court would not "read into the statute a rule that would allow a party to express conditional consent . . . thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome.") This view was adopted by the Ninth Circuit in *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). This appears to be what is happening in this case: Plaintiff consented, obtained an unfavorable ruling, and now withdraws her consent.

Plaintiff has not advised the Court of any extraordinary circumstances, that her consent was somehow involuntary, or of any other reason she should be permitted to withdraw her consent to this Court's jurisdiction. Plaintiff may have thirty days in which to advise the Court of any such circumstances. If Plaintiff fails to respond or provides an inadequate response, her declination and request for reassignment will be vacated.

IT IS SO ORDERED.

DATED: January 16, 2009

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\09-0013-Deny declination.wpd