UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE DEL CASTELLO,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>    Defendant.<br>_____/ | No. C 09-0013   JL<br><br>**Order Denying IFP Application and Dismissing Complaint with Prejudice** |

**Introduction**

Eve Del Castello, a pro se plaintiff, filed her complaint against the Superior Court of Alameda County with the U.S. District Court in Oakland on January 5, 2009. (Docket No. 1) The allegations in the complaint include that she received an unlawful ticket for violating the seatbelt laws and that the Alameda County Superior Court violated Article III of the U.S. Constitution, the fifth, sixth, seventh, eight and ninth Amendments to the Constitution, and the "privilege against self-incrimination." (Compl. 1- 4.)  She filed an application to proceed in forma pauperis ("IFP") on the same day. (Docket No. 2) On January 8, 2009, Del Castello gave her consent to proceed before a United States Magistrate Judge. (Docket No. 4) This Court denied her IFP application on January 13, 2009. (Docket No. 5) Two days later, Plaintiff filed a Declination to Proceed Before a Magistrate Judge and Request for

1

Reassignment to a U.S. District Judge. (Docket No. 6) On the following day, January 16, 2009, this Court issued an Order that gave Plaintiff thirty days to advise the Court of any reason why she should be permitted to withdraw her consent, including extraordinary circumstances or a showing that her consent was somehow involuntary. (Docket No. 7) The Order stated that if she did not provide the Court with any grounds for withdrawing her consent, her declination would be vacated. (*Id.* at 3:13-14) Plaintiff has not provided this Court with any facts to support her declination of consent and thus her request for reassignment is hereby vacated. On February 2, 2009, Plaintiff filed a Motion for Stay of Execution and Review of IFP. (Docket No. 8) For the reasons listed below, Plaintiff's IFP application is denied and the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A)-(B)(ii).

**Facts**

Del Castello's original IFP application was denied because "she is presently employed, although she earns 'less than $800 per month.'" (Order Denying IFP Application, Docket No. 5, at 2:25-26) She listed expenses of exactly $800 per month. (*Id.* at 2:26) Her assets include a 2005 Nissan Sentra and a Washington Mutual bank account with a balance of "less than $5,550." (*Id.* at 2:27-28) She is not married and has no children. (*Id.* at 2:28) This Court found that "Plaintiff has an income which meets her expenses, a relatively new car, apparently paid for, and a bank account which would cover her expenses for approximately six to seven months." (*Id.* at 3: 1-3) Since she was unable to show indigence, her IFP application was denied without prejudice to her "filing her complaint with payment of the filing fee." (*Id.* at 3:3-5) In support of her Motion to Review IFP [sic] , Plaintiff states that she "had to ask friends for food and gas money 2008 [sic] before one of my clients paid back pay." (Docket No. 8 at 1)

**I. IFP Application**

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). Alternatively, "any court of the United States may authorize the commencement . . . of any

suit   . . .without prepayment of fees or security therefor, *by a person who submits an affidavit that includes a statement of all assets [showing] that the person is unable to pay such fees or give security therefor.*" 28 U.S.C. § 1915(a)(1) (emphasis added).

As discussed above, the affidavit submitted along with her original IFP application is insufficient to show that she is unable to pay the filing fee for her complaint. Plaintiff's complaint and IFP application were filed in January 2009, so her financial troubles in 2008 are not relevant to her current situation, as reflected in her affidavit in support of her original IFP application (Docket No. 2). Even if she had to ask friends for food and gas money in January 2009, which she has not alleged, she still has an income, a car, and a bank account with "less than $5,500." (*Id.*) While it is clear that Plaintiff is not a woman of great means, there is still no showing of indigence that would support her proceeding in forma pauperis. The IFP application is DENIED.

**II. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(A)-(B)(ii).

**A. Plaintiff's Allegation of Poverty is Untrue**

As discussed above, Del Castello is unable to show indigence so as to allow this Court to grant her application to proceed in forma pauperis. It is true that she is not wealthy, but her allegation of poverty such that she is unable to pay a $350 filing fee is untrue, as reflected by her affidavit and motion. Under 28 U.S.C. § 1915(e)(2)(A), this Court may dismiss Plaintiff's case because her allegation of poverty is untrue. If this Court were to dismiss her case on grounds of untrue poverty allegations, Plaintiff could re-file her case with full payment of the required filing fee. However, the Court's analysis will not stop here because there are more compelling grounds for dismissal of Plaintiff's complaint.

**B. Plaintiff's Action is Frivolous and Fails to State a Claim on Which Relief May be Granted**

In determining whether an in forma pauperis complaint is frivolous warranting dismissal, the Court is not bound to accept without question the truth of Plaintiff's allegations when making a determination based solely on pleadings. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). In order to respect the congressional goal of assuring equality of consideration for all litigants, the Court's initial assessment of the frivolousness of Plaintiff's factual allegations is weighted in her favor. *Id.* This Court may dismiss Plaintiff's claim as factually frivolous only if facts alleged are "clearly baseless." *Id.* at 32-33. The determination of frivolousness is within the Court's discretion. *Id.* at 33. Although not required to, the Court has taken all of Plaintiff's allegations as true for the purposes of this analysis, which weights the assessment in favor of Plaintiff.

### i. Alleged Violation of Article III, § 1 of the United States Constitution

"The Judges, both of the Supreme and inferior Courts, shall hold their Offices during good Behaviour. . . ." U.S. Const. art. III, § 1.

Plaintiff states that "after receiving an unlawful ticket, [she] had to go to the clerk to obtain a hearing and then return again for the hearing itself," which "is not good behavior." (Compl. at 2.) Plaintiff cites no law to support her conclusion that the normal process of scheduling a hearing with the clerk of the court and then appearing for the actual hearing is a violation of the Judge's requirement of good behavior. There is no law to support such a claim. Article III § 1 of the U.S. Constitution is a guarantee that Judges will not be removed from their positions based on political whims. An administrative matter, such as scheduling a hearing with the Clerk's office, does not constitute the type of behavior that would offend Article III, § 1 of the United States Constitution, nor is it a basis upon which any relief can be granted.

### ii. Alleged Violation of the Sixth Amendment of the United States Constitution

"The accused shall enjoy the right to a speedy and public trial. . . ." U.S. Const. amend. VI.

Plaintiff states that "after receiving an unlawful ticket, [she] had to go to the clerk to obtain a hearing and then return again for the hearing itself," which she claims "violates [her] right to a speedy and public trial. She "missed the date" because she was "busy with election work and called in less than 24 hours to reschedule." (Compl. at 2.)

A criminal defendant's right to a speedy trial is designed, in part, to limit the length of pretrial incarceration (where bail is not available) and to "minimize the anxiety and concern" of the accused pending trial. *Barker v. Wingo*, 407 U.S. 514. Ms. Del Castello was not incarcerated and the anxiety and concern she may have felt should have been mitigated because she had obtained a hearing date. Her inability to attend her hearing because she was "busy with election work" does not mean that the court violated any of her rights, since it was she who rescheduled in an untimely fashion. Even if all of Plaintiff's allegations are taken as true, there is no claim upon which relief can be granted and her action is frivolous.

### iii. Alleged Violation of the Fifth Amendment of the United States Constitution

No person shall "be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

#### a. Double Jeopardy

The facts going to the double jeopardy claim are that she "called the court in less than 24 hours to reschedule- actually, someone had to call for [her] because [she] purchased a rotary phone recently and there was no access on outgoing message [sic]." (Compl. at 2.) Even if these facts are taken as entirely true, there is no violation of the Fifth Amendment and the Plaintiff's claims are frivolous. The fact that she recently purchased a

1  rotary phone also undermines her claim of indigence to support her IFP application.

2       As another alleged violation of the Fifth Amendment's guarantee against double jeopardy, Plaintiff states that "[s]imply, because the Sheriff showed up and I rescheduled, the price was hiked up and I was determined guilty regardless of double jeopardy." (Compl. at 3.) Again, there is no issue of double jeopardy here- the hearing for her seatbelt violation took place as scheduled because she failed to give the court adequate, timely notice of her need to reschedule and the Sheriff appeared for the hearing, as was his duty. Since she was the defendant and failed to appear, the court entered a judgment against her and increased the fees to reflect the expense that the court and the officer incurred.

     The Plaintiff alleged that she had to go to the Clerk of the court to schedule a hearing and then return for the actual hearing. Even if that is completely true, it is not a violation of double jeopardy because the act of scheduling a hearing with the clerk's office is not a proceeding that puts one in jeopardy. The hearing at which she was found guilty as a result of her failure to appear was not a second trial for the same offense.

     Finally, Plaintiff alleges that the "Sheriff violated Federal law- with "no probable cause" to stop me and the same issue was litigated twice before and citation and charges dismissed." (Compl. at 3) As evidence of her double jeopardy claim, Plaintiff attached copies of two prior citation dismissals to her declaration. (Decl. Ex. 4.) In her declaration, she states that these dismissals were for the "same issue." (Decl. at 1.) One of these prior dismissals is dated January 14, 2005 and the date on the other is unreadable (as is the remainder of the second document). Even if these two prior dismissals were for violations of the same law (requiring proper seatbelt use), these documents refer to events that happened on different dates from the citation at issue. Even if the Court accepts as true that Plaintiff was twice cited for violating the seatbelt law and that her cases were dismissed, those prior violations and dismissals are not relevant to the allegations before the Court here because they describe other offenses. Plaintiff fundamentally misunderstands the concept of double jeopardy. It contemplates being tried for an offense

once, and then again for the exact same offense- not one that occurred on a different date. Here, there is absolutely no violation of the double jeopardy clause of the Fifth Amendment. Plaintiff has not stated a claim upon which relief can be granted and her action is frivolous.

### b. Self-Incrimination

The facts that Plaintiff alleges that go to a violation of the privilege against self-incrimination are that "the sheriff showed up and I rescheduled, the price was hiked up and I was determined guilty." Even if taken as completely true, these facts do not show anything close to a violation of the Fifth Amendment's guarantee against self-incrimination. If Plaintiff had appeared at the hearing that she requested, she would have been able to take the stand and argue that she did not commit the infraction that she was cited for. It would be absurd for her to assert the privilege against self-incrimination at that stage. There is simply no violation of the Fifth Amendment. Plaintiff has not stated a claim upon which relief can be granted and her action is frivolous.

### iv. Alleged Violations of the Seventh and Eighth Amendments to the U.S. Constitution

On the third page of her Complaint, Plaintiff recounts the facts surrounding the traffic citation hearing that she did not attend and the appeals that she has taken, including an appeal to "the Supreme Court." (Compl. at 3) She filed a writ of mandate on April 30, 2008 "requesting charges be dropped and relief." (*Id.*) The writ of mandate was denied at both the appellate court and Supreme Court levels. Plaintiff had to "return again for a stay recently." The "main issue" in the stay involves violations of the Seventh and Eighth Amendments, specifically, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. Const. Amend. VII.

There are no issues to send to a jury since all of plaintiff's claims are frivolous. Plaintiff cites California Vehicle Code § 27315(h) which states that a violation of subsection (d) of that Code is punishable by a fine of twenty dollars for a first offense and fifty dollars for each subsequent offense. (Compl. at 4) Plaintiff was convicted under § 27315 (d) of the

California Vehicle Code because she failed to attend the hearing that she had requested. (Mtn. Ex. 1, at 3; Compl. at 3) She has one prior offense. (Mtn., Ex. 1, at 3)

The second sentence of § 27315(h) mentions that the fine imposed for a violation of § 27315 may be accompanied by a penalty assessment or court costs. The total amount that Plaintiff is required to pay is $231, which includes a $35 fine called an "install fee" and $196 classified as "total fines/additional charges." (Mtn., Ex.1, at 2) Under § 27315(h), the fee that may be assessed against her is $50 (because there is one prior offense), plus "any penalty assessment or court costs," which make up the remainder of the $235 fine. For these reasons, her appeals have been unsuccessful and her writ of mandate has been denied. Thus, it is not true, as Plaintiff alleges, that the Alameda County Superior Court Judge misinterpreted the California Vehicle Code or that there is nothing in the DMV code regarding fine increases. (Compl. at 4) As such, there has been no violation of Plaintiff's "right to a fair and impartial trial." (*Id.*) Plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted.

**Conclusion**

Plaintiff's complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because it is frivolous and fails to state a claim upon which relief can be granted. The dismissal of an in forma pauperis complaint on ground of frivolousness is not dismissal on the merits, but rather an exercise of the court's discretion under the statute, so dismissal does not prejudice filing of paid complaint making the same allegations; however, it can have res judicata effect on frivolousness determinations for future in forma pauperis petitions. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Nevertheless, in the Ninth Circuit, a *pro se* litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect. *Potter v. McCall*, 433 F. 2d 1087, 1088 (9th Cir. 1970).

It is clear to the Court that no amendment to Plaintiff's complaint can overcome the deficiencies therein. This Court has considered all of Plaintiff's allegations as true and

found that all allegations are frivolous and fail to state a claim upon which relief may be granted. Therefore, Plaintiff's case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: March 31, 2009

                    James Larson
                    Chief Magistrate Judge